## Hiram S. Warner, Appellee, v. Pacific Coast Casualty Company of San Francisco, Appellant.

### Gen. No. 21,914.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1915. Reversed and judgment here. Opinion filed March 7, 1916. Rehearing denied March 20, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Hiram S. Warner, plaintiff, against Pacific Coast Casualty Company of San Francisco,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant, for damages for breach of a contract of insurance agency and for commission. From a judgment for plaintiff, defendant appeals.

The contract sued on, dated February 1, 1906, provided that plaintiff should have the exclusive right in the state of Illinois to burglary, plate glass and employers' liability insurance business, his compensation to be forty per cent. of premiums on all policies issued within said territory, and a further commission of ten per cent. upon the net profits; instructions in writing to the plaintiff from the home office (in San Francisco) by the defendant to be construed to be part of the contract; contract terminable on thirty days' written notice by either party. It was claimed that the original compensation of forty per cent. was reduced by agreement to thirty per cent. On April 23, 1907, defendant wrote plaintiff that it did not care for any extended line of this kind of business, that the business would not stand a higher commission rate than thirty per cent. and it would accept such insurance on that basis only, and that if the business could not be written on this basis as general agent commission to not write it. This appeared to have been agreed to by plaintiff, as shown both by his reply letter dated May 6, 1907, and his subsequent conduct in deducting only thirty per cent. of premiums in making remittances.

The second part of plaintiff's claim was for forty per cent. commission on liability insurance written by the firm of Burras & Goodbody in the years 1910 and 1911. Defendant claims that in the latter part of 1910 it was agreed by it and plaintiff that the business in Illinois was to be divided so that the firm of Burras & Goodbody should be the general agent for the employers' liability insurance instead of plaintiff, who was to continue as agent in lines of plate glass and burglary insurance only. Plaintiff and Burras & Goodbody interchanged business, that is, plaintiff

brought all liability insurance business coming to him to Burras & Goodbody, who paid plaintiff all the commission thereon, while this firm gave plaintiff its burglary and plate glass insurance business and received the commission.

A letter from defendant dated November 14, 1910, was apparently a threat to sever all relations with plaintiff unless he observed strictly the agreement to divide the business as had been arranged, and in plaintiff's reply of November 21st he seemed to resent any suggestion that he had not strictly observed this agreement. Defendant apparently accepted his statement of the fact and did not at that time terminate his plate glass and burglary insurance agency. This was subsequently done, in January, 1912.

The third part of plaintiff's claim was for commissions on certain insurance written by agencies amounting to $3,818.47, against which defendant claimed certain amounts which appear to be credits given to defendant by plaintiff in the copy of account attached to his declaration.

THURMAN, HUME & KENNEDY, for appellant.

DANIEL S. WENTWORTH, GEORGE W. PLUMMER and DAVID B. MALONEY, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 252*—*when evidence sufficient to establish modification of contract of agency.* As between a casualty insurance company and its agent, a contract for a certain commission *held* to have been later changed to a lower basis by a letter from the company to its agent and his reply thereto, and the subsequent conduct of such agent in deducting only such lower commission from remittances to the company.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Warner v. Pacific Coast Cas. Co. of San Francisco, 198 Ill. App. 183.

2. CONTRACTS, § 86*—*what constitutes sufficient consideration for contract for commissions.* The acceptance of liability insurance by an agent after notice from his principal, a casualty insurance company, that the company would not accept same except on a certain lower commission basis, is sufficient consideration for the contract for such lower commission.

3. CONTRACTS, § 251*—*when instrument under seal may be modified by executed parol agreement.* A parol agreement to reduce commissions of a liability insurance agent is valid and binding, when executed, so as to modify an instrument under seal.

4. CONTRACTS, § 252*—*when evidence sufficient to establish modification of contract of agency.* An agreement between a casualty insurance company and its prior exclusive agent, *held* modified so as to divide insurance business between such agent and another agent, where it appeared that a letter was sent by the company threatening to discontinue the agency of such prior agent, and the prior agent and subsequent agent exchanged business on the basis of such division.

5. CONTRACTS, § 86*—*what constitutes sufficient consideration for modification of contract of agency.* Where a casualty insurance company threatened to discontinue agency and insisted that its previously exclusive agent divide business with another agent, the continuance of the agency of the prior agent was sufficient consideration for the modification of the contract of agency as insisted upon by the company.

6. PLEADING, § 42*—*what does not constitute part of declaration.* A copy of an account which is attached to a declaration does not constitute a part of the declaration.

7. APPEAL AND ERROR, § 743*—*when copy of account attached to declaration not part of record.* A copy of an account which is attached to a declaration must be introduced in evidence, like any other writing, to become a part of the record, as it does not constitute a part of the declaration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.